# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1372V
UNPUBLISHED

| | |
|---|---|
| KARLEEN WITT,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 19, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Randall G. Knutson*, Knutson & Casey Law Firm, Mankato, MN, for Petitioner.

*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On September 10, 2019, Karleen Witt filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on November 7, 2016. Petition at 1. Petitioner further alleges that she suffered the residual effects of her injury for more than six months. Petition at 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 29, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On August 19, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a lump sum of $80,078.00 (consisting of $80,000.00 for pain and suffering and $78.00 in past unreimbursed expenses), and a lump sum of $61,040.57 for satisfaction of a Medicaid

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

lien. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner:**

(1) **A lump sum payment of $80,078.00 (consisting of $80,000.00 for pain and suffering and $78.00 in past unreimbursed expenses) in the form of a check payable to Petitioner, and**

(2) **A lump sum payment of $61,040.57, in the form of a check made payable jointly to Petitioner and:**

> **HealthPartners**
> **Mail Stop 21114a**
> **P.O. Box 1309**
> **Minneapolis, MN 55440-1309**
> **Attn: Christopher A. Seipel, Subrogation Recoveries Manager**
> **Re: Karleen Witt, Case No. 20201834**

These amounts represent compensation for all damages that would be available under § 15(a). The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KARLEEN WITT, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-1372V **(ECF)** |
| v. ) | Chief Special Master Corcoran |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## **RESPONDENT'S PROFFER ON AWARD OF DAMAGES**

On June 29, 2020, respondent, the Secretary of Health and Human Services, filed his Rule 4(c) Report conceding entitlement to compensation in this matter alleging the Table injury Guillain-Barré syndrome ("GBS") following an influenza vaccination. The same day, the Court entered its Ruling on Entitlement, finding petitioner Karleen Witt entitled to Vaccine Act compensation. Respondent now proffers that petitioner receive a compensation award consisting of a lump sum of **$80,078.00**, consisting of $80,000.00 for pain and suffering and $78.00 in past unreimbursed expenses, in the form of a check payable to petitioner, Karleen Witt,[1] plus satisfaction of a Medicaid lien in the amount of **$61,040.57**, in the form of a check made payable jointly to petitioner[2] and:

HealthPartners
Mail Stop 21114a
P.O. Box 1309
Minneapolis, MN 55440-1309
Attn: Christopher A. Seipel, Subrogation Recoveries Manager
Re: Karleen Witt, Case No. 20201834

---

[1] Petitioner is a competent adult. No guardianship is required.

[2] Petitioner agrees to endorse this check over to HealthPartners.

These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[3]

Petitioner agrees with the proffered award of $80,078.00, plus satisfaction of the Medicaid lien in the amount of $61,040.57.[4]

> Respectfully submitted,
>
> ETHAN P. DAVIS
> Acting Assistant Attorney General
>
> C. SALVATORE D'ALESSIO
> Acting Director
> Torts Branch, Civil Division
>
> CATHARINE E. REEVES
> Deputy Director
> Torts Branch, Civil Division
>
> ALEXIS B. BABCOCK
> Assistant Director
> Torts Branch, Civil Division
>
> s/Voris E. Johnson, Jr.
> VORIS E. JOHNSON, JR.
> Senior Trial Attorney
> Torts Branch, Civil Division
> U.S. Department of Justice
> P.O. Box 146
> Ben Franklin Station
> Washington, D.C. 20044-0146
> Direct dial: (202) 616-4136

Dated: August 19, 2020

---

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

[4] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

2